1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
9

10  ANCHOR VENTURES LLC,                      CASE NO. C09-67 MJP

11          Plaintiff,                        ORDER GRANTING PLAINTIFF'S
                                              MOTION FOR SUMMARY
12      v.                                    JUDGMENT

13  MARINE PROPERTY FROM
    UNIDENTIFIED SAILING VESSEL, in
14  rem, and THE UNITED KINGDOM, and
    JOHN DOES 1-100, in personam,
15
            Defendants.
16

17
        This matter comes before the Court on Plaintiff's motion for summary judgment.  (Dkt.
18
    No. 45.)  Having reviewed the motion, the State of Washington's response (Dkt. No. 46), and all
19
    papers related thereto, the Court GRANTS the motion.
20
                                    **Background**
21
        On January 22, 2008, Doug Monk, the sole member of Plaintiff Anchor Ventures LLC,
22
    located an unidentified anchor and chair (referred to collectively as "Anchor") in Admiralty Inlet
23
    near the westerly shore of Whidbey Island, Washington.  (Monk Decl. ¶¶ 1-2.)  Monk believes
24

1   the anchor dates from 1800-1840.  (Id. ¶ 2.)  He has visited the site of the Anchor multiple times

2   and has "not located any shipwreck or other marine artifacts with in [sic] a one mile radius."  (Id.

3   ¶ 3.)  He avers that he has 20 years of experience and adequate equipment to salvage and recover

4   the marine property.  (Id. ¶ 4.)

5          Plaintiff originally thought the Anchor was from the HMS Chatham, which was under

6   Captain George Vancouver's command.  (Ivy Decl. ¶ 2.)  An expert examined photos of the

7   Anchor, reviewed various historical sources, and concluded that the Anchor is not from the HMS

8   Chatham.  (Dkt. No. 45-1 at 11-15.)

9          Plaintiff has moved for summary judgment.  The State of Washington is an interested

10  party and does not oppose the motion.  (Dkt. No. 46.)  The State requests that any award be

11  expressly subjected to applicable local and federal statutes and regulations relating to recovery of

12  the anchor.  (Dkt. No. 46.)

13                                            **Analysis**

14  A.      <u>The Law of Finds Applies and Title is Awarded to Plaintiff</u>

15         Plaintiff asks the Court to find the Anchor abandoned and award title to Plaintiff, the

16  finder.  The Court agrees.

17         The main question presented is whether the law of finds or the law of salvage applies to

18  this case.  If the Anchor is abandoned, the law of finds will generally apply, whereas the law of

19  salvage will apply if the Anchor is not abandoned.  "The law of finds is disfavored in admiralty,"

20  in large part because marine property is presumed not to be abandoned even when lost at sea.

21  <u>Hener v. United States</u>, 515 F. Supp. 350, 356 (D.C.N.Y. 1981); <u>accord</u> <u>Columbus-American</u>

22  <u>Discovery Group v. Atlantic Mut. Ins. Co.</u>, 974 F.3d 450, 460 (4th Cir. 1992).  However,

23  property may be abandoned "where (1) articles have been presumptively abandoned, <u>i.e.</u>, either

24

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 2

1   affirmatively renounced, or so long lost that time can be presumed to have eroded any realistic

2   claim of original title, and (2) those articles are now in hand, having been actually recovered.

3   . . .” Martha's Vineyard Scuba Headquarters, Inc. v. Unidentified, Wrecked and Abandoned

4   Steam Vessel, etc., et al., 833 F.2d 1059, 1065 (1st Cir. 1987).  The Ninth Circuit requires proof

5   of abandonment by clear and convincing evidence.  Deep Sea Research, Inc. v. Brother Jonathan,

6   89 F.3d 680, 688 (9th Cir. 1996), rev'd on other grounds California v. Deep Sea Research, Inc.,

7   523 U.S. 491 (1998).

8          As a related matter, the law of finds assigns ownership to the finder without regard to

9   where the property is found.  However, two exceptions exist: (1) when the abandoned property is

10  embedded in the soil it belongs to the owner of the soil; or (2) where the owner of the land has

11  constructive possession it belongs to the land owner.  See  Klein v. Unidentified Wrecked &

12  Abandoned Sailing Vessel, 758 F.2d 1511, 1514 (11th Cir. 1985).

13         The Court is convinced that the Anchor has been abandoned, that law of finds applies and

14  that title should be awarded to Plaintiff.  All evidence suggests the Anchor has spent more than

15  150 years at the bottom of Admiralty Inlet, being otherwise untouched and left to waste.  There

16  is no evidence of any claim ever being made regarding the Anchor.  The United Kingdom was

17  notified of the Anchor's existence, but did not file a claim of ownership.  (Dkt. No. 45-1 at 3-5.)

18  The State of Washington makes no claim of ownership, stating that it "takes no position

19  regarding whether or not the Anchor has been abandoned." (Dkt. No. 46.)  This is significant

20  because although the Anchor is likely embedded in land belonging to the State, the State makes

21  no claim of ownership or constructive possession.  Thus, no exception to the assignment of

22  ownership to the finder is warranted here.  See Klein, 758 F.2d at 1514.  On the present record,

23  the Court finds that the Anchor is a long forgotten antique to which no realistic claim of original

24

1  title can be laid or presumed.  The Court finds the anchor abandoned, applies the law of finds,

2  and awards title to the Anchor to Plaintiff.

3          As the State requests, the Court admonishes Plaintiff to comply with applicable state and

4  federal statutes and regulations relating to recovery of the Anchor.  (Dkt. No. 46.)  However, the

5  State does not provide any citation to relevant regulations and the Court cannot state precisely

6  what laws and regulations should guide Plaintiff's recovery effort.  The Court thus advises

7  Plaintiff and the State to meet and confer and come to some mutual understanding as to the

8  parameters that Plaintiff should follow in recovering the Anchor.  Should the parties disagree as

9  to the applicable laws and regulations, the Court will entertain a joint submission under Local

10  Rule 37 to resolve any dispute.

11  B.          Abandoned Shipwreck Act Does Not Apply

12          The Court also finds that the Abandoned Shipwreck Act does not apply or alter the

13  application of the law of finds.

14          The Abandoned Shipwreck Act gives the United States title to any abandoned shipwreck

15  that is (1) embedded in submerged lands of a state or (2) on submerged lands of a state and is

16  included in or determined eligible for inclusion in the National Register.  43 U.S.C. § 2105(a).

17  Critically, the Act applies only to "shipwrecks," a term from which federal regulations exclude

18  "isolated artifacts and materials not in association with a wrecked vessel, whether intact or

19  broken and scattered or embedded."   Abandoned Shipwreck Act Guidelines, 55 Fed. Reg. at

20  50121 (Dec. 4, 1990).

21          Here, the Anchor is an isolated artifact on the sea floor that is not near or associated with

22  any actual wrecked vessel within at least a one mile radius.  (Monk Decl. ¶ 2.)  Applying the

23

24

1  Abandoned Shipwreck Act Guidelines, the Court finds the Act inapplicable because the Anchor

2  does not qualify as a shipwreck.  Thus, the Act does not alter the application of the law of finds.

3  <center>**Conclusion**</center>

4        The Court finds the Anchor is abandoned and applies the law of finds, awarding title to

5  the Anchor to Plaintiff.  Plaintiff's recovery of the Anchor must comply with state and federal

6  laws and regulations.  The Court urges Plaintiff and the State to agree on the method of recovery

7  so that Plaintiff complies with all relevant laws and regulations.  The Court will retain

8  jurisdiction to hear any dispute regarding such compliance as set forth above.  This order,

9  however, disposes of the case and the Court shall separately enter final judgment.

10        The clerk is ordered to provide copies of this order to all counsel.

11        Dated this 30th day of November, 2010.

12

13

14                          Marsha J. Pechman

15                          United States District Judge

16

17

18

19

20

21

22

23

24

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 5